IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JULIETTE MOTZ, individually and as a representative of a class of similarly situated persons,<br><br>        Plaintiff,<br><br>  vs.<br><br>CITIGROUP INC.,<br><br>        Defendant. | Case No. 3:22-cv-00965 (RNC)<br><br>March 1, 2024 |

**DEFENDANT CITIGROUP INC.'S MOTION TO SEAL EXHIBITS A, I, J, AND K TO ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Local Rule 5(e), Defendant Citigroup Inc. ("Citigroup") respectfully moves the Court for an order sealing Exhibits A, I, J, and K (collectively, the "Confidential Exhibits") filed in support of Citigroup's Motion to Dismiss Plaintiff's Amended Complaint.

The Court entered a Standing Protective Order in this matter on July 29, 2022. *See* ECF No. 4 ("Protective Order"). The Protective Order provides for designation of certain materials as "Confidential" and instructs that "[i]f it becomes necessary to file Designated Material with the Court, a party must comply with Local Civil Rule 5 by moving to file the Designated Material under seal." Protective Order ¶ 14. In accordance with the Protective Order and Local Rule 5(e)(4)(a), therefore, Citigroup is contemporaneously filing (1) this combined motion to seal and memorandum in support; (2) sealed unredacted copies of each document sought to be sealed; and (3) public, redacted versions of each document sought to be sealed.

**BACKGROUND**

Plaintiff filed the operative amended complaint on January 17, 2024.  *See* ECF No. 75.  In the amended complaint, plaintiff alleges that Citigroup breached its fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA") by retaining the BlackRock LifePath Index Funds—a suite of target date funds—as investment options for participants in the Citi Retirement Savings Plan (the "Plan").  *See generally id.*  The Plan is overseen in relevant part by the 401(k) Plan Investment Committee ("Committee"), which has adopted an investment policy statement ("IPS") to guide its evaluation of Plan investment issues.  *See id.* ¶¶ 22, 31.

Citigroup moves to dismiss the amended complaint because it fails to state a claim for breach of fiduciary duty under ERISA, and because plaintiff lacks standing to assert claims as to all but one of the funds at issue in her amended complaint.  Citigroup attaches and relies upon the Confidential Exhibits—which include the Plan IPS and Committee meeting minutes—in support of its motion to dismiss.  Citigroup produced the Plan IPS and Committee meeting minutes to plaintiff before the amended complaint was filed, and the amended complaint references the IPS and Committee meeting minutes as a basis for plaintiff's allegations.  Citigroup designated the Confidential Exhibits as "Confidential" under the Protective Order, because the Confidential Exhibits are non-public documents that contain proprietary and/or confidential business information.  *See* Protective Order ¶ 3 ("'Confidential' information means information, documents, or things that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy.").  As further explained below, the Confidential Exhibits should be sealed to protect this confidential and sensitive information.

## LEGAL STANDARD AND ARGUMENT

Local Rule of Civil Procedure 5(e)(3) provides, in relevant part:

> Every document used by parties moving for or opposing an adjudication by the Court, other than trial or hearing exhibits, shall be filed with the Court. No judicial document shall be filed under seal, except upon entry of an order of the Court either acting *sua sponte* or specifically granting a request to seal that document. Any such order sealing a judicial document shall include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons.

District courts have discretion to weigh the proper balance between the public's right to access judicial records, on the one hand, and private interests such as preventing the publication of "business information that might harm a litigant's competitive standing," on the other. *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597-98 (1978). This discretion is "to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 599.

Courts in this district have recognized that parties' interests in protecting from disclosure "a business's proprietary information, such as trade secrets or confidential research … can trump the right of the public to access court records." *Crossman v. Astrue*, 714 F. Supp. 2d 284, 287 (D. Conn. 2009); *see also CSL Silicones, Inc. v. Midsun Grp. Inc.*, 2017 WL 4750701, at *3 (D. Conn. July 12, 2017) ("[C]onfidential 'commercial information' of a business—including trade secrets, confidential research, internal business documents and information about a business's operations—has been recognized repeatedly as a proper subject for sealing."). Documents containing confidential, sensitive, or proprietary business information are therefore routinely filed under seal. *See, e.g.*, *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, 2013 WL 4012772, at *5 (D. Conn. Aug. 5, 2013) (permitting party to redact documents revealing "sensitive business information"); *Rapp v. Henkel of Am.*, 2020 WL 13681709, at *12 (D. Conn. Apr. 1, 2020) (granting motion to seal documents in case brought under ERISA, including purchase agreement and internal memoranda).

3

There are clear and compelling reasons to permit Citigroup to file the Confidential Exhibits under seal. Citigroup has a strong interest in maintaining the confidentiality of the information in the Confidential Exhibits, all of which reflect confidential business information. Exhibit A is the Plan IPS effective September 16, 2016. The IPS is a non-public document adopted by the Committee to guide its internal process for evaluating certain decisions regarding Plan investments. Among other things, the IPS outlines the Plan's investment objectives, defines certain roles and responsibilities of the Committee and its designees, and describes the processes to be followed in reviewing the Plan investment menu structure and appointing, monitoring, and removing funds and managers. Exhibits I, J, and K are confidential minutes from meetings of the Committee. The Committee's meeting minutes reflect the inner working of the Committee, including its confidential analysis, deliberations, and decision-making about Plan investment matters. The meeting minutes also describe and discuss analysis and recommendations about Plan investment options from both internal Citigroup personnel and external consultants.

Sealing of these Confidential Exhibits is warranted because maintaining the confidentiality of the Committee's processes, deliberations, and decision-making is essential to ensuring that the Committee is able to freely and frankly discuss important issues concerning the Plan, including whether particular investments should be offered in the Plan. *See, e.g.*, *Krueger v. Ameriprise Fin., Inc.*, 2014 WL 12597948, at *18 n.20 (D. Minn. Oct. 14, 2014) (explaining that "fiduciary committees should … be encouraged to have full and frank discussions regarding the tasks assigned to them" and making meeting minutes public could "have a chilling effect on … future deliberations"), *aff'd*, 2015 WL 224705 (D. Minn. Jan. 15, 2015); *id.* at *22 (noting that company personnel should be able to provide "candid" input to inform committee deliberations "without fear that the outside world will become privy to this same information"); *In re Zillow*

*Grp., Inc. S'holder Derivative Litig.*, 2019 WL 3428664, at *2 (W.D. Wash. July 30, 2019) (granting motion to seal and noting disclosure of "confidential business information" presented to company board "could adversely affect future deliberations by the board").  Public disclosure of the details of the Committee's evaluation of investment options not only could impair the Committee's ability to effectively carry out its duties by chilling discussion, but also could negatively impact Citigroup's relationship with certain fund managers or service providers and put the Plan at a disadvantage in the investments and services it is able to offer to participants. *See, e.g.*, *Krueger*, 2014 WL 12597948, at *18.

Moreover, Exhibits I, J, and K also include discussion of confidential investment analysis and recommendations provided to the Committee by outside consultants that are not parties to this litigation and have their own proprietary interests in maintaining the confidentiality of their work product, which Citigroup cannot indirectly disclose by publicly filing documents that include descriptions of it.  Disclosure of the third-party analysis and recommendations discussed in the meeting minutes could both harm Citigroup's relationships with the entities that provided that confidential, proprietary advice and impair the consultants' own compelling interests in maintaining the confidentiality of their analytical processes and commentary about particular investment options and managers.  *See Krueger*, 2014 WL 12597948, at *13-14, *18; *see also SEC v. Ahmed*, 2018 WL 4266079, at *3 (D. Conn. Sept. 6, 2018) (recognizing that "privacy interests of innocent third parties ... should weigh heavily in a court's balancing equation" (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

For all of these reasons, courts in this District and beyond frequently grant motions to seal similar documents in ERISA cases.  *See, e.g.*, Mot. to File Under Seal & Order, *Kistler v. Stanley Black & Decker, Inc.*, No. 3:22-cv-966-SRU, ECF Nos. 88-1, 108 (D. Conn. Jan. 31, 2024)

(granting motion to seal exhibits including plan IPS and fiduciary committee meeting minutes); Mot. to File Under Seal & Order, *Trauernicht v. Genworth Financial Inc.*, No. 3:22-cv-00532-REP, ECF Nos. 79, 86 (E.D. Va. Feb. 14, 2023) (same); Mot. to File Under Seal & Order, *Huang v. TriNet HR III, Inc.*, No. 8:20-CV-2293-VMC-TGW, ECF Nos. 91, 94 (M.D. Fla. Nov. 29, 2022) (granting motion to seal exhibits including fiduciary committee meeting minutes); *Krueger*, 2014 WL 12597948, at *18 (sealing fiduciary meeting minutes that reflected "the inner workings of the fiduciary committees," "comments and insights by committee members regarding funds within the Plans," the Plan's "relationships with its service providers," and "analyses prepared by third parties," because such minutes contained "highly sensitive information, which if disclosed could result in competitive harm"). Citigroup respectfully requests that the Court do the same here.

## CONCLUSION

For the reasons explained above, Citigroup respectfully requests that Court grant its Motion to Seal and enter an order sealing Exhibits A, I, J, and K.

Dated:    March 1, 2024

Respectfully submitted,

*/s/ Meaghan VerGow*
Meaghan VerGow (*pro hac vice*)
Deanna M. Rice (*pro hac vice*)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: mvergow@omm.com
          drice@omm.com

James T. Shearin (ct 01326)
PULLMAN & COMLEY LLC
850 Main Street
Bridgeport, CT 06601
Telephone: (203) 330-2240
Facsimile: (203) 576-8888

Email: jtshearin@pullcom.com

*Attorneys for Defendant Citigroup Inc.*